NOT FOR PUBLICATION (Doc. Nos. 28, 30, 32)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

|  |  |
|---|---|
| Sherri Y. Scafe aka NIN EL AMEEN BEY, <br><br> Plaintiff, <br><br> v. <br><br> WELLS FARGO HOME MORTGAGE WELLS FARGO BANK N.A., <br><br> Defendants. | Civil No. 15–5763 (RBK/KMW) <br><br> **OPINION** |

**Kugler**, United States District Judge:

Presently before the Court is pro se Plaintiff Sherri Y. Scafe a/k/a Nin El Ameen Bey ("Plaintiff")'s Motion for Recusal ("Plaintiff's Motion") (Doc. No. 30) seeking that this Court recuse itself from this proceeding, Plaintiff's Motion for Writ of Mandamus (Doc. No. 32), and Defendant Phelan Hallinan Diamond & Jones ("Defendant" or "PHD&J")'s Motion to Dismiss (Doc. No. 28). For the reasons expressed herein, the Court denies Plaintiff's motions and grants Defendant's motion.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

In 2011, Plaintiff brought suit against John Stumpf, in which she attempted to file a "registration of rights" rather than a complaint. *El Ameen Bey v. Stumpf*, 825 F. Supp. 2d 537, 539 (D.N.J. 2011). The submission, executed by a person referring to herself as "Nin El Ameen Bey," and whose official name appeared to be "Sherri Scafe," was drafted in the style indicating that the drafter was affected by or shared in "Moorish," "Marrakush," "Murakush" or akin perceptions, which often coincide with "redemptionist" and/or "sovereign citizen" socio-political

beliefs. *Id.* at 539-47 (detailing various aspects of said position). This Court dismissed her "complaint" without prejudice by its own motion for failure to comply with Federal Rules of Civil Procedure. *Id.* at 561.

Subsequently on July 24, 2015, Plaintiff filed an entirely new and unrelated case against Wells Fargo Home Mortgage, Wells Fargo Bank N.A., and Phelan Hallinan Diamond & Jones. Compl. (Doc. No. 1). Plaintiff then filed her First Amended Complaint ("FAC") on November 13, 2015. FAC (Doc. No. 13). In her FAC, Plaintiff alleged that Defendant Wells Fargo Home Mortgage, and Wells Fargo Bank N.A., violated the Fair Debt Collection Practices Act ("FDCPA") and the Telephone Consumer Protection Act ("TCPA"). FAC ¶ 1. Plaintiff also claimed that Phelan Hallinan Diamond & Jones had falsely represented their client's identity as a lender to Plaintiff and the state court. FAC ¶ 5. Plaintiff's FAC contends that Defendants "collectively engaged in deceptive debt collection practices by proffering documents that fail to prove a 'Consumer Household Transaction' existed with either Defendant. FAC ¶ 4.

Plaintiff claimed that Wells Fargo Home Mortgage "knowingly reported false information" and "misrepresented the past due balance" of Plaintiff's debt to three major credit bureaus: Transunion, Equifax, and Experian. FAC ¶ 2, 3. Plaintiff claimed that Defendants acted "with reckless disregard and with malice and willful intent," and that they knew or "had reason to believe the information [they reported] was inaccurate." FAC ¶ 3. Plaintiff claimed that as a result of this alleged misrepresentation, she refrained from seeking credit for auto financing "due to [my] recent accident and [the] insurance company determining [my] personal car was a total loss." FAC ¶ 3. Plaintiff also claimed that she "suffered from worry, embarrassment, and anxiety to apply for credit because of the past due balance" that was reported on her file. FAC ¶ 3.

Plaintiff sought statutory damages pursuant to 15 U.S.C. § 1692k(a)(1), 15 U.S.C. § 1692k a(2)(a), costs and reasonable attorney's fees, and "statutory damages and actual damages pursuant to 47 U.S.C. § 227(B)." FAC ¶ 13.

Almost six months later, Plaintiff filed the instant motions. Defendant filed their motion to dismiss in April 2016. The Court now considers Plaintiff's motion to have the Court recuse itself pursuant to 28 U.S.C. § 144, Plaintiff's motion for writ of mandamus, and Defendant's motion to dismiss.

## II. STANDARD

### i. Motion to Recuse

Although Plaintiff does not specify the legal grounds for her recusal demand, Plaintiff's Motion will be considered under 28 U.S.C. §§ 455 and 144, which establish the standard for recusal of district court judges. Under § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Additionally, under § 455(b)(1), a judge must disqualify himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1).

"Under § 455(a), if a reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality under the applicable standard, then the judge must recuse." *In re Prudential Ins. Co. of America Sales Practices Litig.,* 148 F.3d 283, 343 (3d Cir. 1998); *see Mass. School of Law at Andover, Inc. v. Am. Bar Ass'n,* 107 F.3d 1026, 1042 (3d Cir. 1997) ("The standard for recusal is whether an objective observer reasonably might question the judge's impartiality."). Consequently, even where the judge is not "subjectively biased or prejudiced," he must recuse himself under § 455 "so long as he appears to be so." *In re Cmty.*

*Bank of N. Va.,* 418 F.3d 277, 320 (3d Cir. 2005). Such disqualification is crucial to maintaining "the public's confidence in the judiciary, which may be irreparably harmed if a case is allowed to proceed before a judge who appears to be tainted." *In re Sch. Asbestos Litig.,* 977 F.2d 764, 776 (3d Cir. 1992).

Pursuant to § 144, a judge shall be prohibited from proceeding in a matter "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice against him . . . ." 28 U.S.C. § 144. "The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists . . . ." *Id.* "A party seeking recusal need not show actual bias on the part of the court, only the possibility of bias." *In re Prudential Ins. Co. of Am. Sales Practices Litig.,* 148 F.3d 283, 343 (3d Cir. 1998).

To be "legally sufficient," the reasons and facts in the affidavit must "give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment." *Berger v. United States,* 255 U.S. 22, 33-34 (1921). "On such a motion it is the duty of the judge to pass only on the legal sufficiency of the facts alleged to ascertain whether they support a charge or bias of prejudice. Neither the truth of the allegations nor the good faith of the pleader may be questioned, regardless of the judge's personal knowledge to the contrary." *Mims v. Shapp*, 541 F.2d 415, 417 (3d. Cir. 1976). Similar to the standard under § 455, "[t]he test is whether, assuming the truth of the facts alleged, a reasonable person would conclude that a personal as distinguished from a judicial bias exists." *Id.*

"[G]enerally beliefs or opinions which merit recusal must involve an extrajudicial factor." *United States v. Antar,* 53 F.3d 568, 573–79 (3d Cir. 1995). Although in certain instances opinions formed during a judicial proceeding may give rise to a duty to recuse,

4

"[b]ecause the focus is on the source of the judge's views and actions, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion because they almost never arise from an extrajudicial source." *United States v. Bertoli*, 40 F.3d 1384, 1412 (3d Cir. 1994).

"Opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States,* 510 U.S. 540, 555 (1994). "[N]ot subject to deprecatory characterization and 'bias' or 'prejudice' are opinions held by judges as a result of what they learned in earlier proceedings. It has long been regarded as normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same defendant." *Id*. at 551.

    ii.  *Motion to Dismiss*

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure to state a claim upon which relief can be granted. Where, as here, a complaining party comes to this Court *pro se*, the Court must construe the complaint liberally in that plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *United States v. Day*, 969 F.2d 39, 42 (3d Cir.1992). When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). A complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is not for courts to decide at this point whether

the non-moving party will succeed on the merits, but "whether they should be afforded an opportunity to offer evidence in support of their claims." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 215 (3d Cir. 2002). While "detailed factual allegations" are not necessary, a "plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

In making this determination, the court conducts a three-part analysis. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 675). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 679).[1] "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not suffice. *Id.* at 131 (quoting *Iqbal*, 556 U.S. at 678). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679). This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A complaint cannot survive a motion to dismiss where a court can only infer that a claim is merely possible rather than plausible. *Id.*

### III. DISCUSSION

   i.  *Motion to Recuse*

Although the law demands recusal both where a reasonable man would question the judge's fair mindedness and where a party files an affidavit setting forth specific allegations of

---

[1] Even under the liberal pleading standards afforded a pro se plaintiff, the Court need not credit an unrepresented party's "bald assertions" or "legal conclusions." *Haines*, 404 U.S. at 520–21; *Day*, 969 F.2d at 42.

partiality from which a reasonable person would conclude a personal bias exists, Plaintiff has provided no facts suggesting a bias or prejudice that would merit recusal. *See* FAC (Doc. No. 13). The thrust of Plaintiff's request for recusal appears to be her belief that the Court's actions in the adjudication of Plaintiff's case will be tainted by bias. *Id*. To support her accusations of bias, Plaintiff points to the Court's opinion dismissing Plaintiff's amended complaint in her previous case. *See El Ameen Bey v. Stumpf*, 825 F. Supp. 2d 537 (D.N.J. 2011).

Although the possibility of bias in the judicial system is not to be taken lightly, Plaintiff's dissatisfaction with the disposition of her previous lawsuit is not grounds for recusal. As the Third Circuit observed, "[b]ecause the focus is on the source of the judge's views and actions, 'judicial rulings alone almost never constitute a valid basis for a bias or partiality [recusal] motion.'" *Bertoli*, 40 F.3d at 1412 (quoting *Liteky*, 510 U.S. at 541). Without a "deep-seated favoritism or antagonism that would make fair judgment impossible," opinions or events occurring in Plaintiff's prior proceedings do not constitute a basis for a bias or partiality motion. *Liteky*, 510 U.S. at 555. Plaintiff has identified no facts indicative of a personal, racial, religious, or other malevolent motivation or bias by the Court, nor has she set forth any fact suggesting that this Court has treated her case differently than it would treat any other case under the circumstances. Rather, by assigning Plaintiff's case to the current Judge, this Court has acted in accordance with the Third Circuit's assertion that it "has long been regarded as normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same defendant." *Id*. at 551.

Plaintiff contends that this Court has acted with "bias and impartiality," and that those acts have "made a great impact on the rights and liberties of [her] and her heirs by denying equal protection and due process fundamentals to which the Judge has taken an oath to uphold." FAC

¶ 7. Accepting the truth of such allegations, Plaintiff's affidavit falls short of supporting a "charge of a bent of mind that may prevent or impede impartiality of judgment." *Berger*, 255 U.S. at 33-34. Plaintiff again provides nothing to support her allegations except for the Court's opinion dismissing Plaintiff's amended complaint in her previous case. *See El Ameen Bey*, 825 F. Supp. 2d at 537. Plaintiff's allegations appear to be mere conjecture that would not inspire a reasonable person to "harbor doubts" of the Court's impartiality. *See In re Prudential*, 148 F.3d at 343.

It is unreasonable for one to conclude that there either exists or may exist a "personal bias" against the Plaintiff by this Court. *Mims v. Shapp*, 541 F.2d at 417; *See In re Prudential*, 148 F.3d at 343. Because there is no bias or prejudice against the Plaintiff by this Court, the judge does not "appear tainted" and can maintain "the public's confidence in the judiciary." *In re Sch. Asbestos Litig.,* 977 F.2d at 776.

Finally, Plaintiff makes some arguments regarding her recusal motion in her Motion for Writ of Mandamus ("Mandamus Mot.") (Doc. No. 32). Plaintiff claims that she "does **not** seek the recusal" based on this Court's dismissal of *El Ameen Bey*, but then claims that this Court's opinion in *El Ameen Bey* was an extrajudicial action demonstrating bias.[2] Mandamus Mot. at 1-2. This argument misunderstands the meaning of "extrajudicial" and is wholly without merit. Plaintiff's Motion for Recusal is denied.

   ii. *Motion for Writ of Mandamus*

"The extraordinary remedy of mandamus under 28 U.S.C. § 1361 will issue only to compel the performance of a 'clear nondiscretionary duty.'" *Pittston Coal Group v. Sebben*, 488

---

[2] Plaintiff also uses her Motion for Writ of Mandamus to claim that the Court's opinion in *El Ameen Bey* excluded her "Right to a Nationality and the Right of Religious Freedom" in an extrajudicial manner. Mandamus Mot. at 3. The Court does not consider these arguments which teeter on the edge of incomprehensible.

U.S. 105, 121 (1988) (quoting *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)). "A party seeking the issuance of the writ of mandamus must 'have no other adequate means to attain the relief he desires,' and must show that the 'right to the issuance of the writ is clear and indisputable." *Volcy v. United States*, 469 F. App'x 82, 83 (3d Cir. 2012) (per curiam) (citing *Stehney v. Perry*, 101 F.3d 925, 934 & n.6 (3d Cir. 1996) (quoting *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980))). "To have a 'clear and indisputable' right to the issuance of the writ under § 1361, the petitioner must show that he is owed 'a legal duty which is a specific, plain ministerial act devoid of the exercise of judgment or discretion." *Id.* at 84 (quoting *Richardson v. United States*, 465 F.2d 844, 849 (3d Cir.1972) (en banc), *rev'd on other grounds*, 418 U.S. 166 (1974)). "Even where this burden is met, the court has discretion to deny the writ, 'even when technical grounds for mandamus are satisfied." *Bango v. Green–Allen*, No. 10–6180, 2011 WL 9500, at *3 (D.N.J. Jan.3, 2011) (quoting *Coombs v. Staff Attorneys,* 168 F.Supp.2d 432, 434–35 (E.D. Pa. 2001)).

The instant motion for mandamus appears to request that the Chief Judge of this Court direct the Court to grant Plaintiff's recusal motion. Granting a motion is not a "plain ministerial act devoid of the exercise of judgment or discretion." *Volcy*, 469 F. App'x at 83. The Court may exercise its judgment by either granting or denying the motion. Accordingly, Plaintiff's Motion for Writ of Mandamus is denied.

   *iii. Motion to Dismiss*

The FDCPA, 15 U.S.C. § 1692 et seq., provides a cause of action to consumers who have been subject to "abusive, deceptive, and unfair debt collection practices." 15 U.S.C. § 1692(a). To state a claim under the FDCPA, a plaintiff must establish that "(1) she is a consumer; (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to

9

collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Jensen v. Pressler & Pressler*, 791 F.3d 413, 417 (3d Cir. 2015) (quoting *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014)). Only the fourth element is at issue here.

Plaintiff alleges violations of §§ 1692e(2)(A), (5), (8), (10), § 1692f(1), and § 1692(j). Section 1692e(2)(A) prohibits the false representation of "the character, amount or legal status of any debt." Section 1692e(5) prohibitions "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken." Section 1692(e)(8) prohibits "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." Section 1692e(10) prohibits a debt collector from using "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." Section 1692f(1) prohibits the "collection of any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law." Finally, section 1692j addresses the use of forms that would "create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt . . . when in fact such person is not so participating."

Plaintiff's specific allegations against Defendant claim that Defendant made false and misleading representations in state court foreclosure proceedings by representing their client as a lender rather than a debt collector. *See* FAC ¶ 20-28. Plaintiff alleges that Defendant's use of "state law definitions that are opposed to the definitions within the FDCPA." *Id.* at 28. As a matter of law, these allegations do not even barely plead the elements for a claim under

§§ 1692e(2)(A), (5), (8), or § 1692f(1). Accordingly, Plaintiff has failed to state a claim upon which relief is granted on these counts.

Plaintiff appears to have plead the bare elements for §§ 1692e(10) and 1692j based on the alleged false and misleading representations made in the state court proceedings and the documents associated with those proceedings. Plaintiff does not, however, make any further factual allegations to support her claims. Plaintiff merely states that "neither of the defendants are creditors, lenders, nor mortgagees, neither (sic) of the defendants provided credit or services to Plaintiff" which means that any communication referring to Defendant's client as anything other than a debt collector were false and misleading. FAC at ¶¶ 23, 27. The bulk of Plaintiff's argument against Defendant is a bald assertion that their actions have caused confusion and that Defendant has misstated their clients' status as lenders/creditors. *Id.* at ¶¶ 20-27, 30. Plaintiff does not refer to specific facts which establish that Defendant made false or misleading statements. Plaintiff relies solely on conclusions based on her understanding of the law.

Defendant further argues that the entire matter must be dismissed for lack of subject matter jurisdiction under New Jersey's Entire Controversy Doctrine.[3] The Entire Controversy Doctrine is codified in New Jersey Rule 4:30A, which states "[n]on-joinder of claims required to be joined by the Entire Controversy Doctrine shall result in the preclusion of the omitted claims to the extent required by the Entire Controversy Doctrine, except as otherwise provided by *R.* 4:64-5 (foreclosure actions) . . . ." The Entire Controversy Doctrine applies where: 1) the judgment in the first action is valid, final, and on the merits; 2) the parties in the later action are identical to or in privity with those in the previous action; and 3) the claim in the later action

---

[3] It should be noted that the Entire Controversy Doctrine's application is an affirmative defense, not a doctrine which defeats a federal court's subject matter jurisdiction as Defendant's motion claims. *See Rycoline Prods. Inc. v. C&W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997).

11

arises from the same transaction or occurrence as the claim in the earlier action. *See Watkins v. Resorts. Int'l Hotel & Casino, Inc.*, 124 N.J. 398, 412, 591 A.2d 592, 599 (1991). Furthermore, the Third Circuit has held that the Entire Controversy Doctrine "applies to bar claims in federal-court when there was a previous state-court action involving the same transaction." *Bennun v. Rutgers State Univ.*, 941 F.2d 154, 163 (3d Cir. 1991) (performing an entire controversy analysis for § 1981 and Title VII claims).[4] The Entire Controversy Doctrine bars a party from "withhold[ing] part of a controversy for separate later litigation even when the withheld component is a separate and independently cognizable cause of action." *Paramount Aviation Corp. v. Agusta*, 178 F.3d 132, 137 (3d Cir. 1999) (citing *DiTrolio v. Antiles*, 142 N.J. 253, 662 A.2d 494, 502 (1995)).

New Jersey Rule 4:64-5 limits the Entire Controversy Doctrine's application in the foreclosure context to "germane" counterclaims. The Rule states that "[o]nly germane counterclaims and cross-claims may be pleaded in foreclosure actions without leave of court." N.J.R. 4:64-5. "Claims are considered to be germane to a foreclosure action if they arise out of the mortgage that is the basis of the foreclosure action." *Coleman v. Chase Home Fin., LLC.* 446 Fed. App'x 469, 472 (3d Cir. 2011) (citing *Leisure Tech.-Northeast, Inc. v. Klingbeil Holding Co.*, 137 N.J. Super. 353, 356-57 (N.J. Super. Ct. App. Div. 1975)). New Jersey courts have specifically stated that germane counterclaims to foreclosure actions include those relating to "payment and discharge . . . [and] incorrect computation of the amounts due." *LaSalle Nat'l Bank v. Johnson*, 2006 WL 551563, at *2 (N.J. Super. Ct. Ch. Div. Mar. 3, 2006). The Supreme Court of New Jersey has explained that the key issue is determining "whether a sufficient

---

[4] *See also Greenleaf v. Garlock, Inc.*, 174 F.3d 352, 257 (3d Cir. 1999) ("To determine the preclusive effect of [the plaintiff's] prior state action [the court] must look to the law of the adjudicating state."); *Rycoline Prods.*, 109 F.3d at 887 ("A federal court hearing a federal cause of action is bound by New Jersey's Entire Controversy Doctrine . . .").

commonality of facts undergirds each set of claims to constitute essentially a single controversy that should be the subject of only one litigation." *DiTrolio*, 662 A.2d at 497 (1995).

Here, Plaintiff's FDCPA claims against Defendant are barred by the Entire Controversy Doctrine as they arise from "the mortgage that is the basis of the foreclosure action," for which a final judgment was entered. *Coleman*, 446 Fed App'x at 472. An FDCPA action may be brought in either federal or state court. 15 .U.S.C. § 1692(k). Therefore, Plaintiff could have brought her FDCPA claims as counterclaims in state court. While Plaintiff has recast the underlying facts to claim that Defendant and their clients engaged in false or misleading behavior in an attempt to collect a debt, the real fact at issue appears to be whether Defendant's client had standing to foreclose on Plaintiff's home. Plaintiff's response to the instant motion tellingly refers to the "alleged mortgage" at issue, which indicates her belief that Wells Fargo could not foreclose on her home. Pl's Opp'n Mot. at 5 (Doc. No. 29).[5] The propriety of Wells Fargo bringing the foreclosure action against Plaintiff certainly arose out of the mortgage that was the basis of the 2014 foreclosure action and would therefore be germane to the foreclosure action. *See Coleman*, 446 Fed. App'x at 472. Because Plaintiff's FDCPA claims against PHD&J were germane to the state foreclosure action and were not joined in that action, the claims are now precluded by the Entire Controversy Doctrine.

Because Plaintiff has failed to satisfy the Entire Controversy Doctrine or make factual allegations that lay out a plausible grounds for relief on her FDCPA claims, Defendant's motion to dismiss is granted.

---

[5] Plaintiff is mistaken on this issue, as evidenced by the final judgment of foreclosure granted to Wells Fargo on June 9, 2014 in state court. *See* Def. Mot., Ex. J (Doc. No. 28-2). Despite this, Plaintiff insists that Wells Fargo and PHD&J have engaged in deceptive conduct by referring to Wells Fargo as a lender and/or creditor in communications and the state foreclosure proceeding. *See, e.g.*, Compl. at ¶¶ 25(a), 27, 85.

## IV. CONCLUSION

Plaintiff's Motion for Recusal is **DENIED**. Plaintiff's Motion for Writ of Mandamus is **DENIED.** Defendant's Motion to Dismiss is **GRANTED.** Plaintiff's claims that Defendant PHD&J violated 15 U.S.C. § 1692 are **DISMISSED WITH PREJUDICE.**


Dated: 09/22/2016                                                                             s/Robert B. Kugler
                                                                                              ROBERT B. KUGLER
                                                                                              United States District Judge