## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| Sherri SCAFE, | : | |
| | : | |
| Plaintiff, | : | Civil No. 15-5763 (RBK/KMW) |
| v. | : | |
| | : | **OPINION** |
| WELLS FARGO HOME MORTGAGE, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**KUGLER**, United States District Judge:

This matter comes before the Court on Wells Fargo Bank, N.A.'s ("Defendants" or "Wells Fargo") Motion to Enforce Settlement (ECF No. 80) and Plaintiff's Motion to "Enforce Withdrawal of Complaint for Dismissal." (ECF No. 81.) As Plaintiff has plainly not performed her part of the bargain, Defendants' motion is **GRANTED** and Plaintiff's motion is **DISMISSED**.

## I.      BACKGROUND

Plaintiff Sherri Y. Scafe (also known as Nin El Ameen Bey), who resides at 60 Orlando Dr., Sicklerville, New Jersey (the "Property"), obtained a loan for $288,900.00 from AmTrust Bank (the "Loan"). The Loan is evidenced by a Note signed by Plaintiff and is secured by a mortgage on the Property. Wells Fargo began servicing the Loan in May 2008.

On July 24, 2015, Plaintiff filed a complaint against Wells Fargo Home Mortgage, a division of Wells Fargo Bank, N.A., for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

Not wishing to litigate the matter further, the parties entered into a settlement at a February 7, 2017 Settlement Conference before the Honorable Karen E. Williams, U.S. Magistrate Judge. (ECF No. 59.) Plaintiff agreed to settle all her claims and, after much back and forth, the Settlement Agreement was eventually executed. Ultimately, the Court held another conference on December 15, 2017, at Wells Fargo's request, where Plaintiff appeared and was handed the settlement payment on the record. (ECF No. 79.) Both parties signed the Agreement and Plaintiff agreed she had the opportunity to consult with an attorney about its contents.

Under the Settlement Agreement, Plaintiff was to file a Notice of Dismissal With Prejudice within five days of receiving settlement funds. Although five days have long since lapsed, Plaintiff has not filed a Notice of Dismissal. Wells Fargo has moved to enforce the Settlement Agreement. Specifically, it requests that the Court order Plaintiff to file a Notice of Dismissal with Prejudice within 10 days. If Plaintiff refuses to do so, Wells Fargo requests that this Court dismiss Plaintiff's claims with prejudice, as contemplated by the Settlement Agreement.

In response to this motion, Plaintiff has filed a motion which, although unclear, appears to seek to vacate the Settlement Agreement. Plaintiff argues, among other things, that the Settlement Agreement is too expansive and is unconscionable.

## II.     JURISDICTION

Plaintiff brought this action under the FDCPA, 15 U.S.C. § 1692e *et seq.*, and the TCPA, 47 U.S.C. § 227. The matter therefore comes before the Court in its federal-question jurisdiction pursuant to 28 U.S.C. § 1331.

## III.     DISCUSSION

Under New Jersey law, a settlement agreement constitutes a form of contract, and courts accordingly turn to "the general rules of contract law" in evaluating the construction and

enforcement of such agreements. *Mortellite v. Novartis Crop Prot., Inc.*, 460 F.3d 483, 492 (3d Cir. 2006); *see also Alexander v. N.J. Dep't of Transp.*, 2013 WL 5180677, at *4 (D.N.J. Sept. 13, 2013) ("State law governs the enforcement of settlement agreements in federal court.") (citations omitted). In considering enforcement, courts "should honor and enforce" a "freely entered" agreement to settle a lawsuit, "absent a demonstration of fraud or other compelling circumstances." *Shernoff v. Hewlett-Packard Co.*, 2006 WL 3497798, at *2 (D.N.J. Dec. 4, 2006) (citing *Borough of Haledon v. Borough of North Haledon*, 358 N.J. Super. 289 (N.J. Super. Ct. App. Div. 2003)), *aff'd*, 302 F. App'x 83 (3d Cir. 2008).

The parties do not dispute the applicability of New Jersey law to the Settlement Agreement, but Plaintiff does argue that the Agreement is unenforceable. As best the Court can tell the basis for this assertion is that Plaintiff has construed this language to release Wells Fargo from liability for *future* actions. But the Agreement says nothing of the sort: it is a conventional release from liability for future assigns or successors, among other entities, for actions *arising from this claim*, not for any future claims that could arise.

Plaintiff also appears to claim that, as a consumer, this Agreement was unconscionable. To determine if that is indeed the case, this Court must "focus on the procedural and substantive aspects of a contract of adhesion in order to determine whether the contract is so oppressive . . . or inconsistent with the vindication of public policy . . . that it would be unconscionable to permit its enforcement." *Delta Funding Corp. v. Harris*, 189 N.J. 28, 40 (2006). We find that the Settlement Agreement is not substantively unconscionable—it is a simple release from liability, and Plaintiff accepted the payment in open court and in recognition of her right to consult with an attorney. *See Martinez-Santiago*, 38 F. Supp. 3d at 506–07 (collecting cases). Although Defendant clearly "possessed superior bargaining power and was the more sophisticated party in the

transaction . . . that level of procedural unconscionability does not, by itself" render a contract unenforceable. *Id.* Plaintiff's contentions are without merit.

"A settlement agreement is a contract, and an order enforcing a contract is ordinarily described as an order for specific performance." *Saber v. FinanceAmerica Credit Corp.*, 843 F.2d 697, 702 (3d Cir. 1988). Plaintiff has not performed her part of the bargain, and the Court finds that an order requiring specific performance to file a Notice of Withdrawal With Prejudice is apt. Plaintiff must file such a Notice of Withdrawal within **10 DAYS**. If no such Notice has been submitted by that time, the Court will enter an order dismissing the matter with prejudice.

## IV.    CONCLUSION

The Court finds that Plaintiff's contentions that the Settlement Agreement is unenforceable are without merit. Defendants' Motion to Dismiss is **GRANTED** and Plaintiff's motion in opposition, while procedurally defective, is **DISMISSED**. An order follows.


Dated: ____June 8, 2018_____                    /s Robert B. Kugler_____
                                                ROBERT B. KUGLER
                                                United States District Judge